(89 App. Div. 259.)

### EDEN v. SILBERBERG et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1903.)

1. MASTER AND SERVANT—WAGES—ACTION.
    To recover for labor performed by the week, the employé must show a full week's performance, or a legal excuse for not continuing work during the full week.

2. SAME—CONTRACT FOR SERVICES—VARIANCE BY PAROL.
    Where a written agreement between striking employés and their employer provided that the employés should return to work, and receive one week's pay for lost time and half a day's pay for a certain holiday, and

that all future differences should be settled by arbitration, it was error to admit parol evidence that the employés reserved the right, under their agreement, to go out or renew the strike in the event of the money not being paid.

8. SAME—BREACH OF CONTRACT—EXCUSE.

Where striking employés returned to work under a contract by which they were to receive certain pay for lost time, and future differences were to be referred to arbitration, and served one week under such contract, for which they were paid, and also secured a portion of the consideration for the agreement, the employer's default in paying the rest of such consideration afforded no excuse for their quitting work during the second week's service without making an effort to comply with the agreement by submitting to arbitration.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by Charles Eden against David Silberberg and others. From a judgment of the Municipal Court for plaintiff, defendants appeal. Reversed.

Argued before BARTLETT, JENKS, WOODWARD, HIRSCH-BERG, and HOOKER, JJ.

Lawrence Goldberg and Joel M. Marx, for appellants.

Louis Steckler, for respondent.

WOODWARD, J. The plaintiff in this action, as the assignee of several of his fellow employés, brings this action to recover for work, labor, and services performed on the 9th, 10th, and 11th days of March, 1903. The plaintiff and his assignors, it is conceded, were employed by the week; and it was therefore necessary to show that a full week's work had been performed, or to afford a legal excuse for not continuing to work during the week for which payment of a part is now demanded. Strack v. Hurd (Sup.) 16 N. Y. Supp. 566. This the plaintiff sought to do by showing that a strike had existed in the factory of the defendants prior to the 28th day of February, 1903, and that upon that day one George S. Robinson and James McCaulay, walking delegates of a labor union, as a committee, entered into on agreement with the defendants, whereby the "cutters and slopers," formerly employés of the defendants, were allowed to return to work in a body, and the defendants promised to pay them one-half day's pay for Lincoln's Birthday, and one week's pay for lost time, and providing for the settlement of all future difficulties by a court of arbitration; that the defendants had paid one-half of the amount, and promised to pay the remainder, but had defaulted in this respect; and that the plaintiff and his fellow laborers left in the middle of the week because of the refusal of the defendants to make this payment. Upon the trial the learned Municipal Court permitted the plaintiff, over the objection and exception of the defendants, to introduce evidence tending to show that the plaintiff and his assignors had reserved the right, in their written agreement, to go out or renew the strike in the event of the money not being paid, and gave judgment for the plaintiff in the full amount of the claim.

If the written agreement constituted a valid contract, based upon a lawful consideration, then it was error to permit parol evidence to add to its terms. The paper not only provides for the return of the "cut-

ters and slopers" in a body, but it assumes to make arrangements for all future difficulties between the contracting parties, and this is entirely inconsistent with the theory that they reserved the right to renew the strike in the event of the money not being paid. The contract, if it has any value, binds the plaintiff and his assignors, or such of them as were contemplated by the contract, to submit "difficulties in the future" to a committee of arbitration. It is conceded that the defendants had paid the one-half day allowance for Lincoln's Birthday, and that they had paid óne-half of the week's wages to each of the men involved in the original strike; and, the contract having been partially performed on their part, the plaintiff and his assignors were bound, under the terms of their agreement, to submit the difficulties to a committee of arbitration. They could not arbitrarily determine the differences between them, acting in good faith and under the terms of their agreement. They were bound to make an effort to bring about an adjustment through the committee of arbitration on which they had agreed, before they could have any possible justification under their agreement. There was no suggestion of any effort on the part of the plaintiff or of any of his assignors to adjust this new difficulty in the manner agreed upon, and their refusal to abide by the terms of an agreement under which they had been paid money for which they had rendered no equivalent to their employers can afford no justification for quitting the employment in the middle of a week. They were bound by their conceded contract of employment to work one full week, as a condition precedent to their right to recover; and, having refused to abide by their own agreement, which was obviously misstated by the walking delegates, to submit future difficulties to a committee of arbitration, it was error to admit parol evidence changing the terms and conditions of the written agreement, or to permit the plaintiff to recover in this action.

It is not necessary at this time to decide how far this contract was in accord with public policy, or how far it was binding upon the defendants. No consideration was expressed, and it is apparent that the defendants were coerced into making this agreement to pay for services which had never been performed, practically as a condition of being permitted to continue their business. Under such circumstances, it may be doubted whether the contract had any binding force upon the defendants. Be that as it may, however, we are clearly of the opinion that the "cutters and slopers" having gone to work under the agreement, and having completed one week's contract, for which they had been paid, and having entered upon the second week's employment, after having received a portion of the consideration promised by the defendants for the agreement, there was no legal excuse for their quitting work during the performance of this second week's contract, particularly without making any effort to comply with the conditions of their own agreement. The agreement, as interpreted by the plaintiff, is altogether too one-sided. It is wholly lacking in mutuality, and affords no basis for the recovery in this action.

The proof as to some of the claims, it is suggested, is defective; but, in view of the fact that the judgment should be reversed generally, it is not important that they be here considered. There was no time

specified in the agreement when the money should be paid by the defendants, and the mere fact that they did not pay the same at an arbitrary time fixed upon by the walking delegates, in the absence of an effort on the part of the employés to resort to the arbitration committee provided for in their agreement, does not constitute a legal excuse for failure to comply with the terms of weekly employment, and upon this ground the judgment should be reversed.

The judgment appealed from should be reversed, with costs.

Judgment of the Municipal Court reversed, and new trial ordered; costs to abide the event. All concur; BARTLETT, J., in result.